# UNITED STATES DISTRICT COURT

District of Delaware

(10)

UNITED STATES OF AMERICA
V.
**David Osborn**
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 11-65M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ______________________________ .*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
- for which a maximum term of imprisonment of ten years or more is prescribed in ______________________________ .
- ☐ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence a preponderance of the evidence: Defendant is charged with receipt of child pornography in violation of 18 USC § 2252A(a)(2). The offense carries the rebuttable presumption. After consulting with counsel, defendant waived his right to the detention hearing. In addition to the waiver the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required or the safety of the community for the following reasons:

1. Defendant has been unemployed since July 2010. He had been previously employed at a Tire and Service store but was terminated for failing to appear for work. However, he did have past stable work history which included as a substitute teacher and a school bus driver, two profession which put him in contact with minors.
2. He voluntarily reports that he feels his is addicted to alcohol. In the past defendant has been treated for depression. He advised contemplating suicide in 2010.
3. Regarding the present charges, the evidence shows that defendnt is interested in prepubescent children and his computer contained images of pre-pubescent to teenage females engaged in sexually explicit conduct including lascivious exhibition of the genitals, masturbation and oral sex. He admitted to using sexual fetish related chat rooms and had served as a moderator of a chat room for approximately 4 months, which would involve his directing sexually explicit acts. He illicited and received images of child pornography which he described as small children performing some kind of sex act and recalled obtaining an image depicting an 8-9 year old girl performing oral sex. As noted previously, when defendant serves as a moderator of a chat room, he encourages chat partner to spank and hit their children to coerce them into sexual acts, including oral sex and intercourse. In essense he assumes the role of a "teacher" and instructed chat partner to induce her children into increasingly hardcore sex acts, primarily through forceable spankings. He engaged in online efforts to contact children directly for sexual exploitation, including contacting a 14 year old girl via her Facebook profile and engaged in inappropriate and unwanted sexual conversation (as evidenced by a NCC Police report). During the time he was involved in child porn, defendants was briefly involved during the 2010 summer in a leadership role for a Delaware youth organization involving teenage females

. He was purported terminated from that position after being accused of perverted behavior.

It is clear from the above, that defendant has gone beyond just illiciting and receiving child pornography, but encourages/directs such conduct and has begun reaching out to teenagers.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

June 3, 2011
Date

*Signature of Judicial Officer*

Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

2011 JUN -3 PM 5:30